IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JEWEL GRIFFIN**                                                                     **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:22-cv-00236-HTW-LGI**

**STATE OF MISSISSIPPI**                                         **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the Court for a report and recommendation on the Complaint [1] and the Court's *sua sponte* Motion to Dismiss for lack of federal jurisdiction. On May 5, 2022, Jewel Griffin ("Plaintiff" or "Griffin") filed her Complaint against the State of Mississippi, along with a motion seeking leave to proceed in forma pauperis. *See* Docs. [1] and [2]. On September 30, 2022, this Court granted Plaintiff's motion to proceed in forma pauperis. *See* Order, Doc. [6]. A thorough review of Plaintiff's Complaint reveals that Griffin has failed to raise any justiciable claims, and therefore, this Court recommends dismissal of the Complaint for lack of federal jurisdiction.

"[F]ederal courts are courts of limited jurisdiction," and an initial review of Griffin's submissions raises concerns whether jurisdiction exists in this court. *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989). Courts therefore "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Further, in an IFP case, the Court must dismiss a complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Here, the second condition is satisfied, as Griffin fails to state a claim. A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). "A pro se complaint is to be construed liberally with all well-pleaded allegations taken as true. Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted).

In the instant complaint, Griffin asserts that she is "a victim of human trafficking and have [sic] contacted every government office and have [sic] been ignored." Doc. [1]. She identifies as offenders, the "police, city council, FBI, and the Mayor[']s office" in her Complaint. *Id*. She also makes allegations against "the government." *Id*. However, she does not name any specific government agency, department, division, representative or agent as a party to this action. Griffin seeks relief in the form of "a full investigation and $200,000." *Id.* at 5.

Liberally construing the Complaint, the Court finds that it does not state a claim upon which relief may be granted. Such conclusory and vague allegations are insufficient to survive a motion to dismiss for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." (emphasis added)); *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (stating that conclusory allegations will not suffice to prevent a motion to dismiss).

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Complaint [1] be DISMISSED without prejudice.

2. Plaintiff be given an opportunity to refile her complaint with appropriate claims.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 30th day of September, 2022.

    /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE